UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

_____
                                    :
MIGUEL MEJIA,                       :
                                    :
         Petitioner,                :   Civ. No. 16-4270 (NLH)
                                    :
    v.                              :   OPINION
                                    :
UNITED STATES IMMIGRATIONS          :
    & CUSTOMS ENFORCEMENT,          :
                                    :
         Respondent.                :
_____ :

APPEARANCES:
Miguel Mejia, # 56028-054
F.C.I. Fort Dix
P.O. Box 2000
Fort Dix, NJ 08640
    Petitioner Pro se

HILLMAN, District Judge

    Petitioner Miguel Mejia, a prisoner confined at the Federal Correctional Institution in Fort Dix, New Jersey, files this writ of habeas corpus under 28 U.S.C. § 2241, challenging the imposition of a detainer against him.

## I.   NATURE OF THE FILING

    The Court notes that Petitioner cites both 42 U.S.C. § 1983 and Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388, 91 S. Ct. 1999, 29 L.Ed.2d 619 (1971), as bases for his submission. (Pet. 2, ECF No. 1).  However, claims under § 1983 and Bivens arise when a litigant alleges constitutional

violations by state and federal actors.  Here, the instant Petition does not allege any constitutional violations, and instead challenges the imposition of a detainer which Petitioner states precludes him from participating in certain prison programs. Id.

Because Petitioner is challenging solely the validity of a detainer lodged against him, a habeas corpus petition pursuant to 28 U.S.C. § 2241 is an appropriate mechanism. See Henry v. Chertoff, 317 F. App'x 178, 179 (3d Cir. 2009) (construing submission challenging an immigration detainer as a habeas petition); see also, e.g., Holmes v. Thomas, No. 4:13-CV-1624, 2014 WL 691395, at *2 (M.D. Pa. Feb. 21, 2014) ("[A] habeas corpus petition is the appropriate procedure under which to challenge the validity of a detainer[.]") (citations omitted); see also United States v. Saunders, No. 99-590(01), 2016 WL 545226, at *2 (D.N.J. Feb. 9, 2016) (construing a submission challenging an unexecuted federal parole violator warrant/detainer as a petition for writ of habeas corpus under 28 U.S.C. § 2241); Sultry v. DeRosa, No. 04-5193, 2005 WL 2600240, at *1-2 (D.N.J. Oct. 12, 2005) ("This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Sultry seeks not to vacate or correct his sentence, but to challenge the execution of the sentence based on the allegedly illegal detainer.") (citing Barden v. Keohane,

921 F.2d 476, 478-79 (3d Cir. 1991); 2 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 41.2b (3rd ed. 1998)). Because Petitioner has failed to satisfy the filing fee requirement for a petition for writ of habeas corpus, as explained below, the Court makes no determination as to the merits of the Petition at this time.

## II.   FILING FEE

Having construed the submission as a petition for writ of habeas corpus, the Court notes that the filing fee for such a submission is $5.00. Pursuant to Local Civil Rule 54.3(a), the filing fee is required to be paid at the time the petition is presented for filing. Pursuant to Local Civil Rule 81.2(b), whenever a prisoner submits a petition for writ of habeas and seeks to proceed in forma pauperis, that petitioner must submit (a) an affidavit setting forth information which establishes that the petitioner is unable to pay the fees and costs of the proceedings, and (b) a certification signed by an authorized officer of the institution certifying (1) the amount presently on deposit in the prisoner's prison account and, (2) the greatest amount on deposit in the prisoners institutional account during the six-month period prior to the date of the certification. If the institutional account of the petitioner exceeds $200, the petitioner shall not be considered eligible to proceed in forma pauperis. L.Civ.R. 81.2(c).

Petitioner did not prepay the $5.00 filing fee for a habeas petition as required by Local Civil Rule 54.3(a), nor did Petitioner submit an application for leave to proceed in forma pauperis as required by Local Civil Rule 81.2(b).

Accordingly, this matter will be administratively terminated for failure to satisfy the filing fee requirement. Petitioner will be granted leave to apply to reopen by either paying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

To the extent Petitioner asserts that institutional officials have refused to provide the certified account statement, any such assertion must be supported by an affidavit detailing the circumstances of Petitioner's request for a certified account statement and the institutional officials' refusal to comply, including the dates of such events and the names of the individuals involved.

### III. CONCLUSION

For the reasons set forth above, the Clerk of the Court will be ordered to administratively terminate this action without prejudice.[1]  Petitioner will be granted leave to apply to re-open

---

[1] Such an administrative termination is not a "dismissal" for purposes of the statute of limitations, and if the case is re-opened pursuant to the terms of the accompanying Order, it is not subject to the statute of limitations time bar if it was originally submitted timely. See Houston v. Lack, 487 U.S. 266 (1988) (prisoner mailbox rule); Papotto v. Hartford Life & Acc.

4

within 45 days, by either prepaying the filing fee or submitting a complete application for leave to proceed in forma pauperis.

An appropriate Order will be entered.

                                                              ____s/ Noel L. Hillman____
                                                              NOEL L. HILLMAN
                                                              United States District Judge

Dated: July 18, 2016
At Camden, New Jersey

---

Ins. Co., 731 F.3d 265, 275-76 (3d Cir. 2013) (collecting cases and explaining that a District Court retains jurisdiction over, and can re-open, administratively closed cases).